```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                      :
JAMES CHIHEDO EZEILO,                 :
                                      :
          Petitioner,                 :   Civ. No. 16-2657 (NLH)
                                      :
     v.                               :   OPINION
                                      :
                                      :
UNITED STATES OF AMERICA,             :
                                      :
          Respondent.                 :
_____:
```

APPEARANCES:

James Chihedo Ezeilo
2372 Bolling Brook Drive SW
Atlanta, GA 30311
      Petitioner Pro Se

Craig Carpenito, United States Attorney
Jacqueline M. Carle, Assistant United States Attorney
401 Market Street, 4th Floor
Camden, New Jersey 08101
      Counsel for Respondent

HILLMAN, District Judge

     This matter comes before the Court on James Chihedo

Ezeilo's motion to correct, vacate, or set aside his federal

sentence.  ECF No. 1.  Respondent United States of America

opposes the motion.  ECF No. 12.  For the reasons that follow,

the motion is denied.  No certificate of appealability shall

issue.

I.  BACKGROUND

     On September 27, 2013, Petitioner waived his right to an

indictment and was charged via information with conspiring to

commit wire fraud, 18 U.S.C. §§ 1343, 1349.  <u>United States v.</u>
<u>James C. Ezeilo</u>, No. 13-cr-634 (D.N.J. filed Sept. 27, 2013)
(ECF No. 1).

Petitioner was an attorney in New Jersey operating an
office in Newark and conducting real estate transactions.  <u>Id.</u>
at 1.  From February 2004 to about July 17, 2006, Petitioner and
his co-conspirators "caused more than one (1) million dollars to
be wired from various Lenders" in order to "profit from the sale
of real estate properties (the 'Properties') at inflated prices
by obtaining mortgage loans for unqualified borrowers using
fraudulent loan applications, HUD-1 Settlement Statements, and
other documents."  <u>Id.</u> at 5.

Specifically, Petitioner "caused fraudulent documents to be
prepared concerning the Properties, including HUD-1 Settlement
Statements that were supposed to accurately reflect the amounts
of money due from the Straw Purchasers and to be paid to the
sellers to close the sales."  <u>Id.</u> at 5-6.  He also "caused the
HUD-1 Settlement Statements, settlement disbursement sheets, and
other documents to be manipulated, to show that the Straw
Purchasers brought their own funds to the closings when, in
fact, the Straw Purchasers did not."  <u>Id.</u> at 6.  He "provided
sales proceeds from the closings on the Properties, usually in
the form of a wire, to [co-conspirator] even though [co-

conspirator] was neither a buyer nor seller of the Properties."
Id.

Petitioner appeared before the Honorable Jerome B. Simandle, D.N.J., to enter his plea. Ezeilo, No. 13-cr-634 (ECF No. 3). Pursuant to the plea agreement, Petitioner agreed to plead guilty to the information charging him with conspiracy to commit wire fraud in exchange for the U.S. Attorney's Office agreeing not to prosecute him further in connection with "his role in an approximately $2,500,000 bank fraud and money laundering conspiracy . . . that took place in and around September of 2004 in and around Newark, New Jersey involving the purchase of 35 Vanderbilt Drive, Livingston, New Jersey."  Plea Agreement at 1-2, Ezeilo, No. 13-cr-0634 (D.N.J. Sept. 27, 2013) (ECF No. 5).

The agreement noted that "[t]he violation of 18 U.S.C. § 1349 to which James Ezeilo agrees to plead guilty carries a statutory maximum prison sentence of 30 years, and a statutory maximum fine equal to the greatest of: (1) $1,000,000; (2) twice the gross amount of any pecuniary loss sustained by any victims of the offense."  Id. at 2.  Petitioner also agreed to waive the statute of limitations on the wire fraud charges and certain appellate rights.  Id. at 4; Ezeilo, No. 13-cr-0634 (D.N.J. Sept. 27, 2013) (ECF No. 1); see also ECF No. 12-1 at 36-37.

Judge Simandle sentenced Petitioner to a six-month term of imprisonment and a six-month term of home confinement.  Judgment of Conviction, Ezeilo, No. 13-cr-0634 (D.N.J. May 11, 2015) (ECF No. 15).  On December 12, 2017, Judge Simandle granted Petitioner's motion for early termination of his supervised release.  Ezeilo, No. 13-cr-0634 (D.N.J. Dec. 12, 2017) (ECF No. 21).[1]

Petitioner filed this motion to correct, vacate, or set aside his federal conviction on May 11, 2016.  ECF No. 1.  He argues that the mortgage lenders identified in his plea agreement were not "financial institutions" within the meaning of § 1343 because they were not insured by the Federal Deposit Insurance Corporation ("FDIC").  He asserts his attorney was ineffective for not being aware of this fact.

"The Government concedes that the mortgage companies associated with the properties identified in the Petitioner were not 'financial institutions' as that term is defined in 18 U.S.C. § 20."  ECF No. 12 at 4.  The United States argues that Petitioner "knowingly and voluntarily waived the statute of

---

[1] The Court notes that Petitioner has finished his custodial sentence; however, his motion under 28 U.S.C. § 2255 is not moot because challenges to the validity of a conviction presumptively carry collateral legal consequences.  Sibron v. New York, 392 U.S. 40, 57 (1968).

limitations in lieu of facing bank fraud and money laundering

charges with potentially higher loss figures." Id.

## II.  DISCUSSION

### A.  Legal Standard

Section 2255 provides in relevant part that

[a] prisoner in custody under sentence of a court
established by Act of Congress claiming the right to be
released upon the ground that the sentence was imposed
in violation of the Constitution or laws of the United
States ... may move the court which imposed the sentence
to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). A district court must hold an evidentiary

hearing on a § 2255 motion unless the "motion and the files and

records of the case conclusively show" that the movant is not

entitled to relief. 28 U.S.C. § 2255(b); see also United States

v. Booth, 432 F.3d 542, 545-46 (3d Cir. 2005). Here, the record

conclusively demonstrates that Petitioner is not entitled to

relief.

### B.  Analysis

1.  Validity of Plea

Petitioner challenges the validity of his conviction on two

related grounds: (1) the district court lacked jurisdiction

because he did not commit a crime as defined by 18 U.S.C. §§

1343, 1349; and (2) "[t]he lenders involved in my case were not

financial institutions as required under 18 U.S.C. § 1349." ECF

No. 1 at 5.  The Court construes these arguments as attacks on the factual basis of his guilty plea.[2]

"[O]nly a limited set of grounds are available for a defendant to challenge a conviction or sentence based on a guilty plea." United States v. Peppers, 899 F.3d 211, 225 (3d Cir. 2018).  "When a defendant challenges a sentence based on a guilty plea, 'the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.'" United States v. Brashear, No. 19-1668, 2019 WL 6817187, at *2 (3d Cir. Dec. 13, 2019) (quoting United States v. Broce, 488 U.S. 563, 569 (1989)).

Petitioner was represented by counsel at the Rule 11 proceedings on September 27, 2013.  Petitioner was sworn before Judge Simandle and stated he reviewed the information with his attorney.  ECF No. 12-2 at 11.  He stated he understood the charge and had had sufficient time to consult with counsel.  Id. Judge Simandle reviewed the rights Petitioner would be waiving, Id. at 16-19, and Petitioner stated he still wanted to plead guilty and that he understood he would not be able to "come back another day and say, Judge, I changed my mind, I don't want to plead guilty anymore or, Judge, I'm not really guilty of that

---

[2] Because the United States has not raised the issue of collateral review waiver or procedural default it has waived these affirmative defenses.

crime that I pled guilty to on September 27th[.]" Id. at 19. After an extensive colloquy, Petitioner stated he still wanted to plead guilty. Id. at 31.

To the extent Petitioner asserts his plea is invalid on its face because "[n]one of the stated companies were financial institutions under the definition of the statute," ECF No. 1 at 8, his argument rests on a misinterpretation of the statute. The wire fraud statute contains two separate property crimes; one crime where the victim is a financial institution and a second crime which encompasses all other property crimes regardless of victim. The differences are the statutory maximum penalty (30 years for property wire fraud against a financial institution and 20 years otherwise) and the applicable statute of limitations (10 years for financial institution fraud and five years for all other property wire fraud).[3]

As for wire fraud not involving a financial institution, the wire fraud statute, 18 U.S.C. § 1343, provides in relevant part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be

---

[3] See 18 U.S.C. § 3293.

fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 1343.  This section of the statute makes no mention of financial institutions.  In other words, conspiring to commit wire fraud that does not affect a financial institution is still an illegal wire fraud.

"To prove wire fraud, the Government must establish (1) the defendant's knowing and willful participation in a scheme or artifice to defraud, (2) with the specific intent to defraud, and (3) the use of . . . interstate wire communications in furtherance of the scheme."  United States v. Andrews, 681 F.3d 509, 518 (3d Cir. 2012) (internal quotation marks omitted) (omission in original).  At the Rule 11 hearing before Judge Simandle, Petitioner admitted that he "knowingly and intentionally conspir[ed] and agre[ed] with others to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises[.]"  ECF No. 12-1 at 32.  He admitted that one of the "objects of the conspiracy [was] to profit from the sale of real estate properties at inflated prices by obtaining mortgage loans from unqualified borrowers using fraudulent loan applications" and that he "transmit[ted] or caus[ed] to be transmitted by wire communications in interstate commerce certain writings, signs, signals, pictures,

and sounds[.]" <u>Id.</u>  That the victims were not financial
institutions does not make them any less victims.  In short,
Petitioner admitted all the essential elements of a federal
crime over which this court had jurisdiction.  <u>See</u> U.S. Const.
art. III, § 2 ("The judicial Power shall extend to all Cases, in
Law and Equity, arising under this Constitution, the Laws of the
United States . . . .").

Judge Simandle conducted an extensive and thorough colloquy
with Petitioner and established that Petitioner understood the
proceedings and rights he was waiving by pleading guilty.
Petitioner admitted to all the essential elements of a violation
of the wire fraud statute.  Petitioner's conduct does not become
non-criminal merely because the mortgage lenders were not
financial institutions.  That Petitioner did not plead to a
fraud requiring that a victim be a financial institution is also
confirmed by both the language of the Information and
Petitioner's waiver of the statute of limitations.  One will
search in vain for any mention of financial institution in the
Information.  There is none because that crime charged in the
express language of the Information is ordinary property wire
fraud.

Second, if the Information had charged wire fraud affecting
a financial institution there would have been no reason to have
Petitioner waive the statute of limitations.  As discussed more

fully below, financial institution wire fraud is governed by a
10-year statute of limitations.  At the time of his plea,
Petitioner's admitted conduct was not yet that old.  There was
no need to waive the statue of limitation for a claim not yet
barred.  In contrast, Petitioner's conduct was older than five
years, the applicable statute of limitations for ordinary fraud,
or fraud not affecting a financial institution.  That Petitioner
was required under the plea agreement to waive the statute of
limitations is proof positive that he was well aware he was not
pleading guilty to a wire fraud involving a financial
institution.  Therefore, the Court concludes that Petitioner
knowingly and voluntarily pleaded guilty.

    2.   Ineffective Assistance of Counsel

    Petitioner's final two points are ineffective assistance
of counsel claims, arguing that trial counsel was ineffective
for advising him to plead guilty after the statute of
limitations had expired and for not realizing that the mortgage
lenders were not financial institutions under § 1343.
Petitioner essentially argues that counsel should have known
that he could not be prosecuted for wire fraud conspiracy
because the mortgage lenders were not financial institutions and
that he could not be prosecuted for bank fraud because the
statute of limitations had expired.  He is wrong on both points.

A claim for ineffective assistance of counsel requires demonstrating two prongs: first, that counsel's performance failed to meet the minimum level of reasonableness required by the circumstances, and second, that the deficiency mattered, that is, that the outcome would have been different but for counsel's inadequacy.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  In connection with a guilty plea, Petitioner must ultimately show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59 (1985).

    a.   Wire Fraud Conspiracy

As previously established, it is illegal to conspire to uses wires in interstate commerce to defraud entities other than financial institutions.  As noted above, the wire fraud statute provides that fraud against financial institutions is subject to a maximum sentence of 30 years and a $1,000,000 fine whereas wire fraud that does not affect financial institutions is punishable by a maximum sentence of 20 years imprisonment.  18 U.S.C. § 1343.  The plea agreement stated that Petitioner faced a total maximum sentence of 30 years.  However, because the mortgage lenders were not financial institutions at the time of the offense, Petitioner only faced a maximum sentence of 20

years.  Thus, the plea agreement overstated the maximum

statutory sentence by 10 years.[4]

    "When addressing a guilty plea, counsel is required to give

a defendant enough information 'to make a reasonably informed

decision whether to accept a plea offer.'"  United States v.

Bui, 795 F.3d 363, 367 (3d Cir. 2015) (quoting Shotts v. Wetzel,

724 F.3d 364, 376 (3d Cir. 2013)).  The Court must consider

whether Petitioner would have opted to go to trial had he been

advised that his maximum sentence was 20 years as opposed to 30

years.[5]  Lee v. United States, 137 S. Ct. 1958, 1965 (2017).

    Petitioner does not argue that he was "deprived of a trial"

because of counsel's errors.  He does not assert that had he

known the mortgage lenders were not financial institutions

within the meaning of the statute he would have rejected the

---

[4] Petitioner has not argued that this error affected his
substantial rights. United States v. Payano, 930 F.3d 186 (3d
Cir. 2019). He has therefore waived this claim.

[5] Generally, a defendant is entitled to know the maximum penalty
he faces before pleading guilty in order to make an informed
decision whether to proceed to trial or not.  See United States
v. Bui, 795 F.3d 363, 367 (3d Cir. 2015) ("[P]otential
sentencing exposure as an important factor in the decisionmaking
process . . . .").  Had Petitioner been informed he was subject
to a 20-year maximum sentence when in fact a 30-year maximum
sentence applied, he would have a stronger argument for
ineffective assistance of counsel based on being mislead as to
the exposure he faced as a result of his guilty plea.  For the
reasons stated infra, Petitioner fails to demonstrate any harm
that flowed from the court's stating a larger potential penalty
than the one that actually applied.

plea offer, refused to waive the statute of limitations on the wire fraud conspiracy charge, and proceeded to trial.  Rather, Petitioner insists that his conduct was lawful and that there would have been no legal basis to prosecute him at all.  See ECF No. 1 at 7 ("[Trial counsel's] lack of knowledge of the law surrounding mortgage and bank fraud pushed me into accepting a plea when the government had no legal avenue to prosecute me.").

This is not the kind of "prejudice" necessary to satisfy the second half of the Strickland test, Hill, 474 U.S. at 60, nor can Petitioner make such a claim on this record.  Petitioner and his counsel negotiated a plea agreement that was beneficial him.  It is clear from the record that in the absence of the negotiated plea, Petitioner was facing a 30-year charge on other properties that did involve a financial institution in particular the Livingston, New Jersey property which involved an alleged loss of over $2 million.  In exchange for not charging him with that substantial crime, Petitioner agreed to waive the statute of limitations and plea to the lesser offense of straight property crime involving other non-financial institution victims.  Petitioner has not established the prejudice prong of Strickland because he was not prejudiced; on the contrary, he received the benefit of a negotiated plea that immunized him for a more significant crime.

b.    Statute of Limitations

Petitioner also argues his trial counsel was ineffective for not discovering the statute of limitations had expired.  To the extent Petitioner challenges the expiration of the statute of limitations for the wire fraud conspiracy charge, his challenge lacks merit.  Petitioner knew about and waived the statute of limitations in the Information and at the Rule 11 hearing for the lesser crime be pled guilty to.  See United States v. James C. Ezeilo, No. 13-cr-634 (D.N.J. filed Sept. 27, 2013) (ECF No. 1); ECF No. 12-1 at 36:20 to 37:20.  As noted below in more detail, the statute of limitations for the financial institution fraud had not yet run.  Counsel is not ineffective for not raising a defense not available to Petitioner.

Petitioner also argues counsel should have realized that the United States had no leverage to threaten Petitioner with bank fraud charges because the statute of limitations on bank fraud had expired.  ECF No. 1 at 7.  This bank fraud charge involved Petitioner's role as the settlement agent for the closing of 35 Vanderbilt Drive, Livingston, New Jersey on or about September 2, 2004.  ECF No. 12-2.  Bank of America, N.A., a financial institution, served as the lender for a $2,000,000 mortgage.  Id.; see also ECF No. 12-3 at 1.  Bank fraud, 18 U.S.C. § 1344, has a ten-year statute of limitations under 18

14

U.S.C. § 3293.  The United States was within the statute of limitations when Petitioner pleaded guilty on September 27, 2013.[6]  Because the statute of limitations for bank fraud had not expired at the time of plea, Petitioner cannot succeed on his claim that he was forced into accepting a plea in order to avoid a trial on a charge barred by the statute of limitations.

Petitioner's arguments that his actions were "not criminally punishable" and that he "did not violate any laws by conducting the closing" do not satisfy the Strickland standard of prejudice for guilty pleas.  ECF No. 14 at 2-3.  Therefore, the Court denies relief under § 2255.

C.    Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2255 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court denies a certificate of appealability because jurists of reason would not find it debatable that Petitioner has not made a substantial showing of the denial of a constitutional right.

---

[6] The Court notes that if Petitioner's judgment of conviction were vacated, the United States would be able to prosecute Petitioner for bank fraud.  See Plea Agreement at 5, Ezeilo, No. 13-cr-0634 (D.N.J. Sept. 27, 2013) (ECF No. 5).

III. CONCLUSION

For the foregoing reasons, Petitioner's motion to correct, vacate, or set aside his federal conviction is denied.  No certificate of appealability shall issue.  An appropriate order will be entered.


Dated:  February 14, 2020            s/ Noel L. Hillman
At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

16